Jasen, J.
In this action to recover the sales price of “ Salty Dog ” scrubdenims sold by plaintiff to defendant, the Appellate Division has affirmed Special Term’s order granting summary judgment and the judgment entered thereon.
We are told that ‘ ‘ scrubdenim ’ ’ is ordinary denim fabric which is put through a scrubbing or brushing process so as to create a nap on the fabric. According to plaintiff’s supporting affidavit, defendant purchased the scrubdenims by orders of April 18, 1966 and May 11, 1966, aggregating $21,248.32. On the bottom of each invoice appeared the words “ am, risks on these goods whether held or shipped are assumed by purchaser All claims must be made within 5 days after receipt of goods.”
To grant summary judgment, it must cledrly appear that no material and triable issue of fact is presented. (Di Menna & Sons v. City of New York, 301 N. Y. 118.) This drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is “ arguable (Barrett v. Jacobs, 255 N. Y. 520, 522.) The court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned. (Curry v. Mackenzie, 239 N. Y. 267, 269-270.)
The affidavits submitted by defendant present triable issues of fact. Defendant refused to pay for certain shipments of scrubdenim on the ground that portions of the fabric were so unevenly brushed that it could not be cut into garments. Defendant’s answer asserted breach of warranty as a defense to the action for the price. Concededly, the scrubdenims were not delivered to defendant, but, according to agreement, were shipped directly to its customers. Certain of them returned *442 the fabric and defendant, in turn, returned it to plaintiff. This raises an issue as to whether the goods were merchantable.
Plaintiff seeks to obviate this issue by proof that the orders contained a provision that all claims must be made in five days and by conduct of defendant suggesting that its claim is an afterthought caused by a fall in the price of the scrubdenims. Defendant replies that the provision in the order is understood in the trade to refer only to quantities delivered, not to the quality of the fabric. This position is supported by the fact that defects in quality can often only be ascertained when the goods are ready to be cut.
An examination of the goods by defendant at which time an offer of partial payment was made is the inconsistent conduct advanced by plaintiff. However, this inspection was made after the goods had been returned and the offer was to pay for the goods which had not been returned. This offer to pay for the scrubdenims accepted by defendant’s customers was never increased and is consistent with defendant’s stand. On these facts a triable issue of the merchantability of the goods is presented.
Accordingly, the order appealed from should be reversed.