■ MORTON CHERLIN, Appellant, v JOHN J. LYNCH, as Receiver for the Benefit of New York Business Development Corp., et al., Respondents.— Appeal (1) from an order of the Supreme Court at Special Term, entered July 29, 1975 in Sullivan County and in Ulster County, which granted a motion by defendant Kingston Trust Company et al., to cancel a notice of pendency and for summary judgment dismissing the complaint, and (2) from the judgment entered thereon; and also from an order of the Supreme Court at Special Term, entered August 14, 1975 in Sullivan County, which granted a motion by defendant John J. Lynch, as receiver for the benefit of the New York Business Development Corp., for summary judgment dismissing the complaint. In this action for specific performance, money damages and injunctive relief, there are factual issues presented requiring a trial. Under the written agreement, which is the subject matter of the action, the term of the lease, dated December 18, 1974, was to commence with the date of deposit by the lessee (plaintiff) of the sum of $200,000 with the defendant bank. However, the lease is silent as to when this deposit was to be made. It is alleged that the lease was cancelled by the defendants on December 20, 1974 because of plaintiff's failure to make the deposit. When a contract is silent as to the time for performance, the law implies a reasonable time (Simon v Etgen, 213 NY 589). A clear factual issue is thus presented as to whether plaintiff was obliged to perform prior to the date of cancellation by the defendants or, if not, whether under the circumstances his failure to perform prior to that date was unreasonable. An issue of fact also exists as to whether or not there was a tender of performance on the part of the plaintiff. Summary judgment should be granted only when it clearly appears that no material and triable issues of fact are presented (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439), and should not be granted if there is any doubt as to the existence of a factual issue. (Millerton Agway Coop. v Briarcliff Farms, 17 NY2d 57.) Orders and judgment modified, on the law, without costs, by reversing so much thereof as granted defendants' motions for summary judgment, and awarded costs to defendants; motions denied and complaint reinstated. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.