■ DECISION CONCEPTS, INC., Appellant, v CITIBANK, N. A., Respondent. — Order of the Supreme Court, New York County (Greenfield, J.), entered December 4, 1981, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for the same relief modified, on the law and the facts, to deny defendant's cross motion for summary judgment and otherwise affirmed, without costs. The single issue presented is whether the facts preclude the possibility of a finding that the alleged promise of Citibank to pay plaintiff for the services rendered to the Permaneer Corporation was an original promise and thus not subject to the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 2) or a collateral promise "to answer for the debt, default or miscarriage of another person" and, therefore, subject to the statute. Permaneer, a manufacturer of wood products, found itself in severe financial straits. Its largest creditor was Citibank to which it owed over $7,000,000. Through the efforts of Citibank one Roland Tremble was initially installed as consultant to Permaneer and later as its chief executive officer. Plaintiff was retained by Permaneer to make an efficiency survey and to recommend potential areas of savings. Plaintiff, which was keenly aware of Permaneer's financial plight sought assurances that its invoices would be paid when rendered. Tremble consulted Anthony Moro, a Citibank representative, who assured Tremble that Citibank would see to it that plaintiff was paid. Tremble transmitted to plaintiff that defendant "will back us up where you are concerned". Despite plaintiff's best efforts Permaneer's financial health worsened. In June, 1976 it filed a chapter 11 proceeding under the Bankruptcy Law (US Code, tit 11, ch 11). By that time Permaneer owed plaintiff in excess of $90,000. Its debt to defendant had mounted to over $7,500,000. By virtue of the indebtedness owed to it Philip Kron, a vice-president of defendant became chairman of the creditors' committee. Rodriguez, president of plaintiff, was asked by Kron to provide the full-time services of one of its officers to act as plant manager for Permaneer for a period of six months. When Rodriguez remonstrated that it had not yet been paid for services already rendered Kron purportedly responded "You have my assurances that you'll be paid". When, at a later date, and in response to Tremble's resignation as chief executive officer of Permaneer, Rodriguez again expressed reservations in connection with the continuance of its services, Kron again sought to reassure plaintiff by stating, "Continue to work, the bank will pay you. We'll see that you are paid". The chapter 11 culminated in a dividend of 22% to creditors. Plaintiff then brought this action against defendant bottomed on an original promise to pay. The summary judgment motions followed. Special Term held that the services were rendered by plaintiff directly to Permaneer and that benefits to defendant were indirect and accrued to the benefit of all unsecured creditors. It concluded that the promise of the bank, if any, was to answer for the debt of another and hence, was required to be in writing. Accordingly, it granted summary judgment to defendant. Key to the summary judgment procedure is issue finding rather than issue determination (*Esteve v Abad*, 271 App Div 725). There seems little doubt that, from the initiation of its services to Permaneer

plaintiff was apprehensive about Permaneer's capacity to pay for those services. As in *Brown Bros. Elec. Contrs. v Beam Constr. Corp.* (41 NY2d 397), plaintiff almost immediately sought assurance that it would be paid. On the record before us we cannot determine whether the negotiations, initially commenced with Tremble and later with Kron, resulted in an original promise by the bank to pay plaintiff or were merely a collateral promise to respond only in the event of default by Permaneer. The nuances of language are such that the intent of the parties can be resolved only by the trier of the fact after the facts have been fully presented at a plenary trial. Accordingly, we modify to the extent of denying defendant's cross motion for summary judgment. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.