OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court denying defendant’s motion for summary judgment reinstated.
 

 We conclude that the restrictive agreement between Edward Satenstein and the Chaloux’ is ambiguous and that it cannot be determined as a matter of law on examination of the agreement alone whether transfer by intestate succession did or did not fall within the proscription that “[n]either of the grantees shall transfer or convey said premises to any person or corporation without first offering to sell and reconvey the above described premises to the grantor, his heirs or legal representatives”. Use of the verb “transfer” expanded the connotation normally associated with the verb “convey”. Involuntary transfers during the lifetime of the Chaloux’ were expressly excluded from the proscription of the agreement; there was, however, no counterpart exclusion of involuntary transfers
 
 on
 
 death. Although express provision was made with respect to the first-refusal obligation during the lifetime of the Chaloux’ (when it was applicable) and
 
 after
 
 the death of the survivor of the Chaloux’ (when it was inapplicable), no explicit provision was made as to its application
 
 on
 
 the death of such survivor. The failure to make unmistakable provision
 
 *773
 
 with respect to this inescapably foreseeable contingency, as could so easily have been done, results in an ambiguity.
 

 In view of our conclusion that the agreement is ambiguous, defendant’s motion for summary judgment should be denied inasmuch as plaintiff has tendered extrinsic evidence in admissible form sufficient to require a trial as to whether the parties intended by their agreement to accord to the grantor and his heirs the right to buy back the property on the death of the survivor of George and Florence Chaloux (see
 
 Hartford Acc. & Ind. Co. v Wesolowski,
 
 33 NY2d 169, 172;
 
 Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,
 
 32 NY2d 285, 290-291).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Order reversed, with costs, and the order of Supreme Court, Westchester County, denying defendant’s motion for summary judgment reinstated in a memorandum.