■ STANTON HULL, Appellant, v LESLEY R. CHAPLEAU et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered January 25, 1984 in Rensselaer County, which denied plaintiff's motion for summary judgment on the issue of liability and dismissal of defendant Lesley R. Chapleau's counterclaim.

At about 5:30 P.M. on May 19, 1979, plaintiff was operating his automobile in a westerly direction on Route 7, a two-lane highway in the Town of Hoosick, Rensselaer County. Defendant Lesley R. Chapleau was then operating a vehicle owned by defendant James S. Davidson in an easterly direction on Route 7. Plaintiff was alone in his vehicle while defendant Davidson was a passenger in the vehicle driven by defendant Chapleau. Defendant Chapleau testified at an examination before trial that she had no memory of the collision.

Plaintiff gave his version of the accident in an examination before trial and an affidavit. He said he first observed defendants' vehicle as it was traveling easterly coming out of a curve to his right. At that time plaintiff's vehicle was proceeding westerly on a straight section of Route 7 before the curve. As defendants' auto approached, he observed it turn north from its eastbound lane and skid sideways across the road and into plaintiff's lane. Plaintiff then reduced his speed, turned off onto the north shoulder, and came to a stop before his vehicle was struck in the front by the right side of defendants' vehicle.

In an affidavit, defendant Davidson stated in substance that he saw the automobile of plaintiff traveling westerly coming toward defendants' vehicle about one eighth of a mile away. Defendants were coming out of a curve and plaintiff was traveling on the straight section of the road. The left wheels of plaintiff's car were on the center of the road. Moments later he observed plaintiff's car about two or three car lengths away, straddling the middle of the road. Defendant Davidson stated that he was at no time aware of any deviation of defendants' car from the eastbound lane of travel. A police report submitted by plaintiff indicates the collision occurred in the westbound lane of travel.

Plaintiff brought this personal injury action to recover damages resulting from the collision. Defendant Chapleau counterclaimed against plaintiff for damages as compensation for injuries she sustained in the accident. Plaintiff moved for summary judgment in his favor on the issue of liability and for the

dismissal of the counterclaim of defendant Chapleau. Special Term denied plaintiff's motion, finding that there were "conflicting material questions of fact presented" which could only be decided on a trial. This appeal by plaintiff ensued.

There should be an affirmance. The affidavits, examination before trial and the police accident report create triable issues of fact rendering summary judgment inappropriate on the issue of liability. Defendants are entitled in these circumstances to have the issues raised resolved at trial (see *Andre v Pomeroy,* 35 NY2d 361, 364; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.