■ Loomis J. Grossman et al., Appellants, v John M. Clarey et al., Respondents.—In an action to recover damages for the breach of a written agreement, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered August 5, 1986, which denied their motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Several disputed factual issues preclude an award of summary judgment. Among these issues is the question of whether the plaintiffs' limited partnership interests were transferred for units in a certain master limited partnership pursuant to an exchange transaction, and whether this transfer of interests operated to terminate the defendants' obligations under paragraph 6 of the agreement in question. Since the agreement, drawn by the plaintiffs, is ambiguous on this issue, and the intent of the parties depends upon a choice between reasonable inferences to be drawn from extrinsic evidence, summary judgment, at least in the absence of any opportunity to conduct discovery, is inappropriate (see, *River Park Assocs. v Meyerbank Elec. Co.,* 116 AD2d 709; *Leighton's Inc. v Century Circuit,* 95 AD2d 681).

Furthermore, contrary to the holding of the Supreme Court, we hold that the instrument involved was not one for the payment of money only within the meaning of CPLR 3213. A review of the agreement sued upon indicates that it provided for more than a simple unconditional promise by the defendants to pay a sum of money at a certain time or over a stated period (see, *Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 22). The agreement obligates the defendants to extend certain advance payments or loans to the plaintiffs only in those months in which distributions pursuant to various limited partnership agreements do not reach a stated amount, and requires the plaintiffs to repay or give credit for these advances in those months when the limited partnership distributions exceed that stated amount. Therefore, the agreement is not an instrument for the payment of money only and does not qualify for the accelerated treatment accorded such instruments under CPLR 3213 (see, *Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.