■ EDWARD MAYLAND, Appellant, v OWEN L. CRAIGHEAD et al., Respondents, et al., Defendant.—In an action for specific performance of an option to purchase real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated January 6, 1988, which denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

On October 16, 1981, the defendant Owen Craighead, then sole owner of certain property—lots 1 and 2, described alternatively on the tax map as lots 22 and 127—leased the

premises known as lot 2 to the plaintiff Edward Mayland. The lease stated, in relevant part:

"35th. * * * [T]he Tenant shall purchase the animal hospital and the lands surrounding the same * * * for the sum of $362,000.00. The Landlord will take back a second mortgage up to the amount of $42,000.00 with a repayment schedule of a 10 year period from the date of closing with the interest at the rate of 12% per annum * * *.

"36th. * * * [T]he Tenant may at any time within five years after the purchase of the animal hospital purchase said Tax Map Lot. No. 22 for the sum of $488,000.00 with the Landlord taking back a first mortgage in an amount up to $438,000.00 with an interest rate of 12% and a repayment schedule of ten (10) years from the date of closing. *It is clearly understood and agreed by the parties hereto that the purchase of the aforesaid Lot No. 22 would be contingent upon the Tenant having previously purchased the animal hospital in accordance with terms hereinabove stated"* (emphasis supplied).

Mayland, a veterinarian, purchased the premises covered by the lease of lot 2—the animal hospital—on or about November 8, 1982, albeit on terms which differed from those set forth in the lease. He paid $362,000 for the property, obtaining an institutional first mortgage in the sum of $250,000 and a purchase-money second mortgage from the defendant Owen Craighead in the sum of $112,000 amortized over a 10-year period, monthly payments of $1,448.71 to begin in November 1984. In 1982, Owen Craighead conveyed lot 1 to himself and his wife, the defendant Janet Craighead. On or about October 22, 1984, the defendants mortgaged the premises for $45,000 creating a valid lien thereon.

Subsequently, in November of 1984 the parties extended the second mortgage on the animal hospital, agreeing that the monthly payments would be $1,152.06, commencing on November 12, 1984, and would include 12% interest per annum until October 12, 1989. At that time it was also agreed that the mortgage would be extended on the same terms and conditions, except that the payout term on the unpaid principal would be a 25-year period. The balance would be due on October 12, 1999, with the interest to be renegotiated on October 12, 1994, at a rate no higher than 2% below the prime rate at the time.

When, however, Mayland attempted to exercise the option to purchase the second piece of property in 1987, the defendants informed him that the option no longer existed. As a

consequence, Mayland commenced the instant action for specific performance and thereafter moved for summary judgment, arguing, *inter alia,* that he had fully performed the condition precedent to the exercise of the option, i.e., he had purchased the animal hospital.

In reply, the defendants argued that Mayland had not, in fact, purchased the animal hospital in conformity with the financial terms set forth in paragraph 36 of the lease. The defendants further alleged that they had consented to the 1984 extension only because the plaintiff had orally agreed that the subject option would become null and void upon the execution of the extension. No such provision, however, was contained in the extension document ultimately executed by the parties, and Mayland denied that there was such an oral agreement. The Supreme Court denied the plaintiff's motion for summary judgment. We affirm.

It is well settled that summary judgment deprives a litigant of his day in court, and therefore is considered a drastic remedy which should be employed only when there is no doubt as to the absence of triable issues *(see, e.g., Andre v Pomeroy,* 35 NY2d 361). The function of the court when faced with a motion for summary judgment is issue finding rather than issue determination *(see, e.g., Decision Concepts v Citibank,* 91 AD2d 965). It has been held, moreover, that a motion for summary judgment should be denied if critical contractual language raises a question with respect to the true intent of the parties *(see, Leighton's Inc. v Century Circuit,* 95 AD2d 681, 682; *cf., Long Is. R. R. Co. v Northville Indus. Corp.,* 41 NY2d 455; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Indeed, "where the intent must be determined by disputed evidence or inferences outside the written words of the instrument, a question of fact is presented which warrants the denial of summary judgment" *(Boyarsky v Froccaro,* 131 AD2d 710, 713; *see also, Aronson v Riley,* 59 NY2d 770, 773; *Hart v Socony-Vacuum Oil Co.,* 291 NY 13, 18).

Review of the parties' conflicting contentions reveals that there exists a triable issue relating to the significance of, and the parties' intentions with regard to, certain critical language contained in paragraph 36 of the 1981 lease. Paragraph 36 of the lease may be construed to suggest that any exercise of the option is contingent upon the lessee's purchase of the animal hospital in strict accordance with the financial terms set forth in paragraph 36 of the lease. Relying on the foregoing construction, the defendants argue that since the purchase terms

were modified in 1982, and again in 1984, the animal hospital was not purchased pursuant to the terms enumerated in the lease, thereby extinguishing the option. The plaintiff contends, however, that his purchase of the animal hospital, pursuant to the revised financial terms—to which both parties agreed without referring to the option in the extension agreements executed—did, in fact, constitute compliance with paragraph 36 of the lease. The plaintiff further argues that the defendants' construction of the lease is undermined by the fact that, as late as 1984, the defendants had attempted to persuade him to forego the option in exchange for the 1984 mortgage extension. Since the conduct of the parties is equivocal and because their intentions with regard to the precise application and meaning of the language contained in paragraph 36 of the lease cannot be ascertained by resort to the conflicting extrinsic evidence tendered (see, Aronson v Riley, supra), the plaintiff's motion for summary judgment was properly denied. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.