■ NINVIE CALABRESE, Respondent-Appellant, v CARL CHILDS et al., Appellants-Respondents.—In an action to recover damages for breach of contract and for fraud, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered June 10, 1988, as denied the corporate defendant's motion for partial summary judgment dismissing the first cause of action to recover damages from it for breach of contract, and the plaintiff has filed a notice of cross appeal from the order.

Ordered that the appeal by the defendant Childs is dismissed, since he is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that on the appeal by the corporate defendant, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff's husband and the defendant Carl Childs were owners of the corporate defendant New Lehigh Corrugated Products Corp. The plaintiff contends that in early 1982, being aware of the impending death of the plaintiff's husband, the parties entered into an oral agreement by the terms of which the plaintiff, as sole beneficiary and executrix of her husband's will, would transfer the husband's corporate stock to Childs upon the husband's death in return, *inter alia,* for $30,000 per year for the rest of her life. Childs asserts, however, that the agreement was for the plaintiff to sell the shares back to the corporation in return for a lifetime consulting agreement.

On May 14, 1982, the plaintiff and Childs, both represented by attorneys, entered into two written agreements, i.e., a consultancy contract whereby the plaintiff was to be employed at $30,000 per year for the rest of her life, and a stock-purchase agreement whereby the plaintiff was to sell her shares to the corporation for $30,000 payable over a one-year period.

The corporation stopped performing under the consultancy contract after one year and the plaintiff sued to recover damages for breach of contract as against the corporation and to recover damages for fraudulent inducement as against Childs. The defendant Childs claimed that, as the corporation

was bankrupt, it could not employ the plaintiff, and was forbidden from buying back shares pursuant to Business Corporation Law § 513 (a). The corporate defendant moved for summary judgment on the first cause of action against the corporation and plaintiff cross-moved for summary judgment on both causes of action.

We find that the Supreme Court correctly held that there exist many triable issues of fact with respect to the plaintiff's claims of fraud and the defendants' assertions that the employment contract is illusory *(see,* CPLR 3212 [a]). The determination of such factual issues would require the resolution of questions of credibility which is not proper on a summary judgment motion unless it clearly appears that the issues are "not genuine, but feigned" *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.