■ WALLACE SCHWARTZ, Respondent, v ISIDORE EPSTEIN et al., Appellants.—In an action, *inter alia,* for an accounting and to recover damages for conversion, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated March 30, 1988, as denied their cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Wallace Schwartz and the defendant Isidore Epstein were each 50% shareholders in the defendant Creation Services, Inc., a corporation that manufactures sound slide projectors. In early 1982, the plaintiff was diagnosed as having liver cancer, and, in March 1982, he commenced outpatient chemotherapy treatment which continued until the end of November 1983.

The plaintiff's prognosis was poor, however, and in December 1982 the defendant Epstein agreed that the plaintiff should receive 50% of the value of the corporation's pension plan. Because at that time only $24,645.32 of the plaintiff's pension benefits had vested for early withdrawal, Epstein paid an additional $75,000 to the plaintiff out of his personal funds. In return, the plaintiff relinquished all of his stock in the corporation and executed a witnessed, handwritten statement to that effect. In addition, the corporation signed over to the plaintiff's wife, as compensation for the plaintiff's interest in the business, a life insurance policy that the corporation held on the plaintiff in the amount of $250,000. A month later, the plaintiff executed a resignation as officer and director of Creation Services, Inc., and a notarized general release.

The plaintiff apparently recovered from the normally fatal liver cancer, and in May 1984 he advised Epstein that he wished to resume his position in the business. Epstein refused and this litigation followed. During the course of the litigation, and pursuant to an order of the Supreme Court, a handwriting analysis was conducted in order to determine whether the plaintiff's signatures on the resignation and general release were authentic, resulting in the examining expert's conclusion that the signatures were, in fact, genuine.

Subsequently, the plaintiff moved, *inter alia,* to hold the defendant Epstein in contempt with regard to a discovery matter not pertinent to the present appeal, and the defendants cross-moved for summary judgment, arguing principally that the handwriting expert's conclusion of authenticity mandated the granting of judgment as a matter of law dismissing the complaint. In opposition to the motion, the plaintiff submitted an affidavit in which he averred, *inter alia,* that at the time he executed the handwritten agreement to sell his stock, the resignation and general release, he was suffering from the debilitating effects of an intensive chemotherapy treatment which left him weakened, mentally exhausted and "preoccupied with what [he] believed was [his] impending death". According to the plaintiff, the defendant fraudulently induced him to execute the disputed documents when he was suffering diminished mental capacity and duress as a result of his illness and the chemotherapy treatments. Notably, the parties are in conflict with respect to the state of the business's finances. The plaintiff Schwartz claims that the business has been profitable, while the defendants contend that its financial condition is precarious. Moreover, there is lacking in the record financial data from which any definitive valuation of the business for the years in question can be derived. The Supreme Court denied the defendants' cross motion, determining that material issues of fact existed which could not be resolved on a motion for summary judgment. We agree.

Summary judgment deprives a litigant of his day in court, and, therefore, is considered a drastic remedy which should be employed only when there is no doubt as to the absence of triable issues *(see, Andre v Pomeroy,* 35 NY2d 361; *see also, Rotuba Extruders v Ceppos,* 46 NY2d 223; *Mayland v Craighead,* 144 AD2d 344, 346; *Matter of Benincasa v Garrubbo,* 141 AD2d 636, 637; *Sacks v Weiss,* 122 AD2d 937). The "function of the court when faced with a motion for summary judgment is issue finding rather than issue determination" *(Mayland v Craighead, supra,* at 346). Moreover, the resolution of issues of credibility is not proper on a motion for summary judgment "unless it clearly appears that the issues are 'not genuine, but feigned' " *(Calabrese v Childs,* 149 AD2d 557, 558, quoting from *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441).

At bar, the record substantiates the plaintiff's allegations that he was diagnosed as having liver cancer and he underwent chemotherapy treatment at approximately the time when the documents in question were executed. Although the

defendants contend that there exist no triable issues with regard to the plaintiff's claims, *inter alia,* of unfairness, duress and diminished mental capacity, we find otherwise, and conclude that the parties' conflicting submissions raise material issues of fact which must be resolved at a trial. We note further that the record is incomplete with respect to value of the business at the time the plaintiff executed the disputed documents, thereby precluding any determination as a matter of law at this juncture with regard to the plaintiff's contentions of unfairness and overreaching. Finally, the Supreme Court properly determined that the report of the handwriting analyst is not dispositive in light of the various issues relating to mental capacity and overreaching raised by the plaintiff in opposition to the defendants' cross motion. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.