■ LOOMIS J. GROSSMAN et al., Respondents, v MARTIN LACOFF, Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for breach of contract, the defendant Martin Lacoff appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered May 12, 1989, as denied that branch of his motion which was to compel the plaintiffs to produce portions of their personal income tax returns.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced the instant action against the defendants alleging that the defendant-appellant Martin Lacoff and the remaining defendants had breached an agreement arising from the plaintiffs' investment in a series of limited partnerships in natural gas and oil drilling programs. Lacoff was one of the general partners in certain of the drilling

programs. The agreement underlying the litigation set forth a somewhat complex system of advances on partnership distributions. The defendants claimed that the plaintiffs' interests in the limited partnerships were dissolved when they were exchanged for units in a certain master limited partnership. They further claimed that, pursuant to paragraph 6 of the agreement, this transfer of interests terminated their obligations thereunder. On a prior appeal from an order denying the plaintiffs' motion for summary judgment in lieu of complaint pursuant to CPLR 3213, this court affirmed a finding that the agreement was not one for the payment of money only. This court further held that there were issues of fact related to the alleged transfer of the plaintiffs' limited partnership interests and whether the alleged transfer of interests operated to terminate the defendants' obligations under the agreement, which precluded the granting of summary judgment *(see, Grossman v Clarey,* 133 AD2d 443).

In his notice to produce, the appellant Lacoff sought the plaintiffs' tax returns for the period from 1981 to date. Upon the plaintiffs' failure to produce the requested returns, Lacoff moved, *inter alia,* to compel production. The Supreme Court denied that branch of Lacoff's motion. This appeal ensued.

The appellant contends that the tax returns are relevant to the character of the payments made under the agreement and to the issue of damages. In any event, Lacoff claims that by failing to timely move for a protective order and agreeing initially to comply with the notice for discovery and inspection the plaintiffs have waived any objections they may have.

We reject Lacoff's contention that the plaintiffs agreed to comply fully with the notice for discovery and inspection. In their response, the plaintiffs indicated that they were willing to provide documents "pertaining to * * * the interests at issue". Moreover, Lacoff's disclosure request is palpably improper because it seeks information of a confidential and private nature which does not appear relevant to the issues in the case *(see, e.g., Spancrete Northeast v Elite Assocs.,* 148 AD2d 694; *Muller v Sorensen,* 138 AD2d 683). Thus, this court may review the propriety of the disclosure request notwithstanding the plaintiffs' failure to make a timely motion for a protective order *(see, Spancrete Northeast v Elite Assocs., supra).*

Lacoff has not made a sufficiently strong showing that the information contained in the plaintiffs' tax returns is indispensable to this litigation and unavailable from other sources *(see, Consentino v Schwartz,* 155 AD2d 640; *Mayo, Lynch &*

*Assocs. v Fine,* 123 AD2d 607; *Matthews Indus. Piping Co. v Mobil Oil Corp.,* 114 AD2d 772). The issue raised with respect to the character of the payments made under the agreement is illusory. Rather the essential issues, as previously identified by this court *(see, Grossman v Clarey, supra),* concern the alleged transfer of the plaintiffs' limited partnership interests, its affect on the defendants' obligation under the agreement, and the parties' intent with respect thereto. Lacoff has failed to demonstrate that inquiry into such issues could not be obtained through disclosure of other financial records of the plaintiffs or through deposition testimony *(see, Mayo, Lynch & Assocs. v Fine, supra; see also, BRS&W Assocs. v Grace & Co.,* 156 AD2d 249). Under the circumstances, the Supreme Court properly denied that branch of Lacoff's motion which was to compel production of the plaintiffs' personal income tax returns. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.