## Matter of Allen

2015 NY Slip Op 33014(U)

January 15, 2015

Surrogate's Court, Bronx County

Docket Number: Index No. 2013-973

Judge: Nelida Malave-Gonzalez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT, BRONX COUNTY

January 15, 2015

ESTATE OF GLADYS ALLEN, Deceased
File No.: 2013-973

In this contested administration proceeding in which the Public

Administrator petitions for letters of administration and a cross petition was

filed by two alleged paternal cousins of the decedent, the purported

designees of a niece and nephew of the decedent who are allegedly the only

distributees of this estate, the Public Administrator moves, pursuant to CPLR

3212, for summary judgment dismissing the cross petition and the objections

to his petition. No opposition was filed to the motion.

The decedent died intestate on February 26, 2013 at the age

of 75. Both petitions list the niece and nephew as her only distributees. In

support of the cross petition the cousins attempted to obtain a renunciation,

wavier and consent from the nephew designating the cousins; however, it

was not in proper form, as it lacked an apostille. As there was never any

waiver and consent by the niece, and the renunciation by the nephew was

defective, the cross petitioner's then cited both the nephew and niece on the

cross petition. Prior to filing this motion for summary judgment, the Public

Administrator served and filed a note of issue, certificate of readiness and

statement of issues seeking an order dismissing the objections and denying

the cross petition. Both petitions were set down for a pre-trial conference on

[* 1]

September 25, 2014. On that date, neither the cross petitioners nor their counsel appeared; the pre-trial conference was adjourned to October 16, 2014, and counsel for the cross petitioners was notified of that date. When the cousins failed to appear on October 16, 2014 the cross petition was marked "off-calendar," the court stated on the record in open court that if the cross-petition was not restored to the calendar within 30 days of that date, it would be subject to dismissal and the court set a new pre trial conference date of December 16, 2014. No one appeared on behalf of the cousins on the December 16, 2014 adjourned date of the pre-trial conference and the pre-trial conference was marked "adjourned without date." In the interim, in November, 2014, the Public Administrator moved for summary judgment dismissing the cross petition and the objections to his petition and that motion was marked "submitted without opposition" on November 25, 2014. Accordingly, although the cross petition is subject to dismissal, in light of the pending motion for summary judgment, the court will address the merits of the motion.

The objections to the Public Administrator's application allege that the niece and nephew are the decedent's only distributees and, as both are non-domiciliary aliens, they are ineligible to receive letters by themselves. The cousins assert that as they are eligible and are related to the decedent, they could serve either by themselves, based upon the consents of the two distributees, or along with the nephew, and accordingly they have priority to serve over the Public Administrator. The cousins' cite this court's decision in Matter of Williams (24 Misc 3d 1241 [A], 2009 NY Slip

2

Op 51840 [U] [2009] [Sur Ct, Bronx County 2009]) in support of that proposition.

In the motion for summary judgment the Public Administrator contends that he has priority over the cousins who are not distributees of this estate, and the cousins would have priority over the Public Administrator only if they have the consents of all of the distributees of this estate, which they do not. Having failed to obtain these consents, the Public Administrator urges that he is entitled to summary judgment dismissing the objections, and the grant of his application.

Summary judgment cannot be granted unless it clearly appears that no material issues of fact exist (see Phillips v Joseph Kantor & Co., 31 NY2d 307 [1972]; Glick & Dolleck, Inc. v Tri-Pac Export Corp., 22 NY2d 439 [1968]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Friends of Animals, Inc. v Associated Fur Mfrs. Inc., 46 NY2d 1065 [1979]). When the movant makes out a prima facie case, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Summary judgment is a drastic remedy which requires that the party opposing the motion be accorded every favorable inference, and issues of credibility may not be determined on the motion but must await the trial (see F. Garofalo Elec. Co. v New York Univ., 300 AD2d 186 [1st Dept 2002]).

3

[* 3]

The Surrogate's Court "must" grant letters of administration pursuant to the order of priority set forth in SCPA 1001 (see Matter of Pfeferblum, NYLJ, Mar. 24, 2010, at 34, col 3 [Sur Ct, Bronx County 2010]; Matter of Williams, 24 Misc 3d at 1241 [A]; Matter of McDowell, NYLJ, Feb. 21, 2006, at 35, col 4 [Sur Ct, Richmond County 2006]). SCPA 1001, in establishing the order of priority for granting letters of administration, in essence provides in subdivision 8 that the Public Administrator is the administrator of last resort, to be appointed only where letters may not issue under subdivisions 1 through 7 to an eligible distributee or to a non-distributee on the consent of all distributees who have the capacity to give their consents. SCPA 1001 (6) provides, in pertinent part, that an eligible non-distributee may be appointed the administrator upon the "consent of all eligible distributees." Although SCPA 707 (1) (c) provides that a non-domiciliary alien may serve as a fiduciary "with one or more co-fiduciaries, at least one of whom is resident in this state," it also provides that any such appointment "shall be made by the court in its discretion."

Notwithstanding the lack of opposition to the motion, in their objections the cousins correctly argue that they would have priority over the Public Administrator were they to obtain the consents of the two distributees of this estate; however, to date, more than a year after the cross petition was filed and the cousins appeared on the original petition, the cousins have failed to obtain consents from the two distributees of this estate. The cousins' reliance on Matter of Williams (24 Misc 3d at 1241 [A]) in support of their contention that the court could appoint them along with the nephew is

4

misplaced, as the holding in that case addressed the appointment of a non-distributee of an estate based upon the waivers and consents of all eligible distributees, something the cousins to date have been unable to obtain. In sum, the cousins have failed to establish that they have priority over the Public Administrator in this estate.

Accordingly, as the movant demonstrated his entitlement to summary judgment, this decision constitutes the order of the court granting summary judgment to the Public Administrator, dismissing the cousin's objections and cross petition and granting letters of administration to the Public Administrator.

Settle decree.

HON. NELIDA MALAVE-GONZALEZ
SURROGATE