**City of New York v Singh**

2025 NY Slip Op 31618(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 452090/2021

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. NICHOLAS W. MOYNE**          PART            41M
                                   *Justice*

-------------------------------------------------------------------------X

CITY OF NEW YORK                              INDEX NO.       452090/2021

                              Plaintiff,                      08/16/2024,
                                             MOTION DATE      11/16/2024
                     - v -
                                             MOTION SEQ. NO.   001 003
ROOPNARINE SINGH,
                                             **DECISION + ORDER ON**
                              Defendant.     **MOTION**

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 30, 31

were read on this motion to/for        JUDGMENT - SUMMARY                .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 25, 26, 27, 28, 29

were read on this motion to/for          EXTEND - TIME                   .

Upon the foregoing documents, after oral argument, it is

The defendant moved by Order to Show Cause ("OSC") (Mot. Seq. 003) for an extension of time to oppose the plaintiff's motion for summary judgment (Mot. Seq. 001). The defendant's motion seeking to extend the time to oppose the motion for summary judgment is granted and the defendant's opposition to the motion for summary judgment is accepted. Upon consideration of the defendant's opposition, the plaintiff's motion for summary judgment is denied.

## Background

The defendant, Roopnarine Singh ("Singh") is the current owner of a building located at 104-53 121 Street, Queens, NY 11419 (the "building"). Prior to Singh's purchase of the building, when it was owned by non-party Stanley Chung A-Hing ("A-Hing") the New York City Department of Buildings ("DOB") issued violations on the building, A-Hing failed to appear for hearings on the violations before the Office of Administrative Trials and Hearings ("OATH"), and OATH assessed penalties totaling $180,600, which were adopted by the New York City Environmental Control Board ("ECB"). Thereafter, A-Hing, Singh, and plaintiff City of New York ("City") entered into a settlement agreement whereby the $180,600 in violations would be reduced to $80,000, payable upon signing of the agreement, and the remainder would be forgiven if the violations were cured by March 21, 2021. The parties are in agreement that Singh paid the $80,000 pursuant to the terms of the settlement agreement. The City contends that the violations were not cured by March 1, 2021, that a 10 day notice to cure the default

[* 1]

was sent to both Singh and A-Hing, and that the default was not cured.  Thereafter, in June of 2021, the City commenced the instant action seeking the remaining $100,600 unpaid violations, contending that the defendant had not met the requirement to timely cure the violations.  The defendant answered the complaint in August of 2021, and there was no further action take in this case until the plaintiff filed their motion for summary judgment (Mot. Seq. 001), together with a request for judicial intervention in August 2024.  Pursuant to a stipulation between the parties, the defendant's time to file opposition to the summary judgment motion was extended to October 20, 2024.  The defendant missed this deadline and filed an OSC (Mot. Seq. 002)seeking to stay the motion for summary judgment, which the court declined to sign.  Thereafter, the defendant filed an OSC (Mot. Seq. 003) seeking an extension of time to serve opposition to the motion for summary judgment.  The court signed this OSC and directed the defendant to file and serve his opposition  by December 13, 2024, and set both motion sequences 001 and 003 for argument on January 23, 2025.  The defendant then filed opposition on December 13, 2024, and oral argument was heard on January 23, 2025.

## Motion Sequence 003

The defendant has shown good cause for the late filing of their opposition to the motion for summary judgment, namely, the need to obtain a non-party affidavit. Accordingly, the defendant's motion seeking an extension of time to file opposition to the motion for summary judgment is granted.

## Motion Sequence 001

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case.  Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of any material issues of fact or where the issue is arguable (*Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]).  "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR § 3212[b]).  "In considering a summary judgment motion, evidence should be analyzed in the light most favorable to the party opposing the motion (*Martin v Briggs*, 235 AD2d 192, 196 [1st Dept 1997]).

Paragraph ten of the Settlement Agreement (NYSCEF Doc. No. 8) states that "should Stanley Chung-A-Hing & Roopnarine Singh fail to make timely payments as agreed, upon default, WEMED shall send a 10 day notice to cure … and if the default is not cured, the total amount due, shall be automatically accelerated and due immediately and WEMED may immediately pursue any and all legal methods to collect the balance due plus additional attorney's fees and court costs as allowed by law."  Plaintiff contends that they caused a Notice of Default to be served upon the defendant (*see* Vago Aff. ¶ 6, NYSCEF Doc. No. 14).  However, in his Verified Answer, defendant

**452090/2021   CITY OF NEW YORK vs. SINGH, ROOPNARINE**                    **Page 2 of 4**
**Motion No.  001 003**

[* 2]

Singh asserts as his first affirmative defense that he was never served with a 10 days' notice to cure. Accordingly, there is an issue of fact as to whether the Notice to Cure was served. This is significant in that, as set forth in the affidavit of Rudolph Dookran ("Dookran") (NYSCEF Doc. No. 28), a licensed expeditor, the violating conditions were corrected on or before September of 2020, that he didn't file to certify that the violations were corrected because A-Hing hadn't paid him, and that after Singh hired him, he mailed in the Certificate of Corrections and photographs showing that the violating conditions had been cured and corrected. It was not until October of 2021 that Dookran found out that the DOB hadn't accepted the submission because they no longer accepted Certificates of Corrections by mail. Dookran failed to refile the Certificates of Corrections due to contracting Covid and having a long recovery. Accordingly, Singh contends that the rejection of the Certificates of Corrections was arbitrary, and due to the actions of the plaintiff. Therefore, a question exists as to the acts of the plaintiff prevented the defendant from being able to comply with the terms of the stipulation of settlement. Furthermore, prior to the filing of the instant motion, the defendant made discovery demands of the plaintiff which have not been responded to. Accordingly, the motion for summary judgment is premature. For the foregoing reasons, it is hereby

ORDERED that the defendant's motion (motion sequence 003) seeking an extension of time to oppose the plaintiff's summary judgment motion is granted; and it is further

ORDERED that the plaintiff's motion for summary judgment (motion sequence 001) is denied without prejudice to renew upon completion of discovery; and it is further

ORDERED that the parties appear for a preliminary conference in Part 41, room 327 of the courthouse located at 80 Centre Street, New York, NY on July 10, 2025 at 2:15PM.

(signatures on the following page)

452090/2021   CITY OF NEW YORK vs. SINGH, ROOPNARINE
Motion No.  001 003

Page 3 of 4

This constitutes the decision and order of the court.

## Motion Sequence 001

5/2/2025
**DATE**

_____
**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | [ ] CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

## Motion Sequence 003

5/2/2025
**DATE**

_____
**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | [ ] CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**452090/2021   CITY OF NEW YORK vs. SINGH, ROOPNARINE**
**Motion No.  001 003**

**Page 4 of 4**

4 of 4

[* 4]