■ . LAW OFFICES OF ROBERT S. BERNARD, Appellant, v KIRBY DI LORENZO, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered June 24, 1980 in Albany County, which granted a motion by the defendant for a protective order striking an interrogatory served by the plaintiff. Both parties to this action are attorneys. Plaintiff is suing defendant, his former employee, alleging that defendant failed to account to him for fees due under an agreement whereby defendant, while working in plaintiff's law office, was permitted to maintain his own law practice and retain clients and was to pay to plaintiff one half of the fees so earned. In connection with this cause of action, plaintiff served interrogatories on defendant, all of which were fully answered, except a demand for the production of defendant's Federal income tax returns for the years 1974 through 1977. A protective order striking this demand was granted. Plaintiff urges on this appeal that he needs defendant's income tax returns to ascertain how much of defendant's income is attributable to private clients and to establish the amount due to plaintiff from defendant. Special Term held that defendant's answers to the interrogatories supplied the information plaintiff needed for his accounting and that plaintiff, having failed to show any facts to question the correctness of defendant's responses, is not entitled to disclosure of defendant's tax returns. The clear import of cases dealing with disclosure of tax returns is that the party seeking such relief must make a showing of strong necessity (Mamunes v Szczepanski, 70 AD2d 684; see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.10). CPLR article 31 grants broad discretion to the trial court to supervise disclosure. In the instant case, Special Term's granting of a protective order was well within its discretion and, accordingly, its determination should not be disturbed. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

■ In the Matter of LEONARDO VASQUEZ, Petitioner, v KENNETH ALTMAN, as Executive Director of the New York State Employees' Retirement System, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. The determination being reviewed in this proceeding not only denied petitioner's application for accidental disability retirement benefits, but also denied a further application for ordinary disability benefits. However, only the denial of accidental disability benefits is at issue herein. The hearing officer states in his decision: "After a careful consideration of all the medical evidence, I must conclude that the applicant has not sustained the burden of proving that the comptroller erred in determining that the applicant is not disabled from performing his duties". The determination that the claimant is not disabled from performing his duties is supported by substantial medical evidence and by the record as a whole. The evaluation of conflicting medical testimony is for the Comptroller. (Matter of Mathews v Regan, 69 AD2d 970, 971, mot for lv to app den 48 NY2d 610.) Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.