■ MAYO, LYNCH AND ASSOCIATES, INC., Appellant, v JEROME L. FINE et al., Individually and Doing Business as HUDSON ENGINEERING ASSOCIATES, Respondents.—In an action, *inter alia,* to enjoin the defendants from rendering services to the Town of Warwick, the plaintiff appeals (1) from so much of an order of the Supreme Court, Orange County (Buell, J.), dated May 30, 1985, as denied its motion for a protective order and directed it to disclose to the defendants its income tax returns, and (2) from an order of the same court, dated November 26, 1985, which denied its motion for reargument and granted the defendants' cross motion to dismiss the complaint to the extent that the plaintiff was directed to produce its income tax returns.

Order dated May 30, 1985 reversed, insofar as appealed from, and the plaintiff's motion for a protective order granted, without prejudice to the defendants to seek discovery upon a proper showing of necessity.

Appeal from that part of the order dated November 26, 1985 as denied the plaintiff's motion for reargument dismissed. No appeal lies from an order denying reargument.

Order dated November 26, 1985 reversed insofar as it granted the defendants' cross motion, and cross motion denied.

The plaintiff is awarded one bill of costs.

The plaintiff alleges that the defendants, while officers and employees of the plaintiff corporation, formed a competing corporation and conspired to appropriate for themselves business opportunities belonging to the plaintiff. Specifically, the plaintiff complains that the defendants induced officials of the Town of Warwick to terminate a contract between the town and the plaintiff and to award the contract to the defendants. The plaintiff instituted this action to enjoin the defendants from rendering services to the Town of Warwick and to recover damages sustained as a result of the defendants' conduct.

The defendants answered and served the plaintiff with a notice of discovery seeking, among other things, disclosure of plaintiff's income tax returns for the preceding five years. The plaintiff moved for a protective order striking the demand. That motion should have been granted.

Under the circumstances of this case, where the defendants have not sought the disclosure of other financial records of the plaintiff, or shown that such records would be inaccurate or unreliable, the defendants have failed to establish the requisite need for the tax returns *(cf. Penn York Constr. Corp. v State of New York,* 92 AD2d 1086; *Law Offs. v Di Lorenzo,* 80 AD2d 701). Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.