■ JOSEPH S. CONSENTINO, Appellant, v PETER SCHWARTZ, Respondent.—In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), entered December 12, 1988, which denied his motion to strike the defendant's interrogatories.

Ordered that the order is modified by deleting therefrom the provision denying that branch of the plaintiff's motion which was to strike interrogatory number six, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff is directed to serve answers to the remaining interrogatories within 60 days after the service upon him of a copy of this decision and order with notice of entry.

The plaintiff sold his medical practice to the defendant. The plaintiff now alleges that the defendant has failed to pay the purchase price, which, pursuant to the parties' agreement, was to be paid in installments, in accordance with the terms of the promissory note. The defendant has counterclaimed, alleging that the plaintiff breached various provisions of the agreement, and also claiming that the plaintiff misrepresented the value of his medical practice.

The interrogatories served by the defendant request information which, in general, relates (1) to the issue of whether the plaintiff breached the contract, or (2) to the issue of whether the plaintiff fraudulently overstated the profitability of his medical practice. The defendant concedes that these interrogatories were served on August 12, 1988, and it appears that service was made by mail. The motion to vacate the interrogatories was served on August 23, 1988, when the notice of motion and supporting papers were mailed to the office of the defendant's attorney *(see,* CPLR 2211, 2103 [b] [2]; *Engel v Lichterman,* 62 NY2d 943). Thus, the objections to the interrogatories were served in a timely manner *(see,* CPLR 3133 [a]; 2103 [b] [2]; *Corradetti v Dales Used Cars,* 102 AD2d 272). The Supreme Court therefore erred in denying the plaintiff's motion on the purported basis that the motion was untimely.

The Supreme Court was nevertheless correct in denying the plaintiff's motion, except insofar as it was addressed to the sixth interrogatory, since it appears that with this single exception, the information sought by the defendant is both relevant and properly subject to disclosure. The information requested in the sixth interrogatory, i.e., the content of the plaintiff's personal tax returns for various years, might also be relevant insofar as it bears on the profitability of his practice. However, this interrogatory should nevertheless have been stricken.

In seeking the production of the plaintiff's tax returns, it was the defendant's burden to show that the relevant information possibly contained therein cannot be obtained from any alternative source, such as other financial or business records *(see, Mayo, Lynch & Assocs. v Fine,* 123 AD2d 607; *Matthews Indus. Piping Co. v Mobil Oil Corp.,* 114 AD2d 772; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.10a; Annotation, *Discovery and Inspection of Income Tax Returns,* 70 ALR2d 240). The defendant failed to make any factual showing in this regard, since the hearsay affirmation of his attorney is wholly conclusory and unsubstantiated.

To the extent that the plaintiff may be unable to comply with the remaining interrogatories because of any impairment of his memory which may have resulted from a stroke, or because some of the documents requested by the defendant might already have been furnished to him, or for any other reason, then in lieu of responding to the interrogatory in question, the plaintiff shall state, under oath, the reasons for

his inability to make the required disclosure. Thompson, J. P., Bracken, Lawrence and Rubin, JJ., concur.