■ MICHAEL ZIMMER, Appellant, v CATHEDRAL SCHOOL OF ST. MARY AND ST. PAUL et al., Defendants, and DAVID ZONI, Respondent. [611 NYS2d 91] —In an action to recover damages for personal injuries, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated August 6, 1992, as denied the branch of his motion for a protective order barring disclosure of certain psychiatric and social worker's records and, (2) as limited by his brief, from so much of an order of the same court, also dated August 6, 1992, as granted the defendant David Zoni's cross application to compel the plaintiff to provide authorizations for the release of the aforementioned psychiatric and social worker's records and the plaintiff's tax records for the years 1990 and 1991.

Ordered that the orders are reversed insofar as appealed from, with one bill of costs to the appellant, the branch of the plaintiff's motion for a protective order barring disclosure of his psychiatric and social worker's records is granted, and David Zoni's cross application to compel the plaintiff to release his psychiatric, social worker's, and tax records is denied.

This action arose from an altercation between the plaintiff, Michael Zimmer, and the defendant David Zoni in December of 1989. During the course of discovery, Zoni demanded, *inter alia,* authorizations for the release of the plaintiff's tax records for the years 1990 and 1991, the records of the plaintiff's subsequent psychiatric treatment, and the records of a social worker with whom the plaintiff apparently had conferred.

When the plaintiff moved for a protective order, Zoni's attorney stated, in an affirmation in opposition to the plaintiff's motion, that her office had received information indicating that the plaintiff had engaged in construction work in 1990 and 1991. Counsel contended that the plaintiff's tax records for those years were relevant because the plaintiff had testified at an examination before trial that he had been unemployed until the summer of 1991 and the plaintiff's ability to engage in construction work prior to that time was relevant to the issue of the extent of his injuries. Counsel further contended that the psychiatric and social worker's records were discoverable pursuant to CPLR 3121 because the plaintiff's proclivity for aggressive and violent behavior was

placed in issue by Zoni's contention that the plaintiff had been the aggressor of their altercation. Counsel, therefore, requested that the court issue an order compelling the plaintiff to provide authorizations for the release of the records in question.

The Supreme Court denied the plaintiff's motion for a protective order on the ground that the psychiatric and social worker's records were discoverable in light of the issue of which party was the aggressor. The court simultaneously issued an order directing the plaintiff to provide authorizations for the release of the pyschiatric and social worker's records, and the plaintiff's tax records for the years 1990 and 1991. We now reverse.

It is well settled that medical records are discoverable in an action in which a party's mental or physical condition is in controversy (see, CPLR 3121 [a]; *Dillenbeck v Hess,* 73 NY2d 278; *Koump v Smith,* 25 NY2d 287). The discoverability of such records, however, is subject to any applicable privilege (see, CPLR 3101 [b]), which may be waived by parties who affirmatively place their physical or mental condition in issue (see, *Dillenbeck v Hess, supra; Koump v Smith, supra).*

Here, the plaintiff's alleged propensity for violent behavior is not at issue. Moreover, the plaintiff has not waived the privilege which protects the records in question (see, CPLR 4504, 4508). The plaintiff has not alleged any mental injury (cf., *Starling v Warshowski,* 148 AD2d 441, 442; *Leichter v Cohen,* 124 AD2d 710), and the privilege cannot be deemed waived simply because Zoni contends that the plaintiff was the aggressor of their altercation (see, *Dillenbeck v Hess, supra,* at 289-290).

The plaintiff's tax records are discoverable upon a strong showing of necessity, i.e., that they contain the relevant information which cannot be obtained from any alternative source (see, *Consentino v Schwartz,* 155 AD2d 640; *Mayo, Lynch & Assocs. v Fine,* 123 AD2d 607; *Briton v Knott Hotels Corp.,* 111 AD2d 62). The hearsay affirmation of Zoni's attorney is wholly conclusory and unsubstantiated. Thus, it was clearly inadequate to make a strong showing of necessity (see, *Consentino v Schwartz, supra; Mayo, Lynch & Assocs. v Fine, supra).* Moreover, Zoni's demand for the plaintiff's tax records is palpably improper because it seeks information of a confidential and private nature which does not appear to be relevant to the issues in the case (see, *Grossman v Lacoff,* 168 AD2d 484, 485; *Muller v Sorensen,* 138 AD2d 683, 684). Therefore, the plaintiff is not foreclosed from challenging the pro-

priety of that demand by his failure to seek a protective order within the time proscribed by CPLR former 3122 *(see, Muller v Sorensen, supra).*

The plaintiff's request for the imposition of sanctions is denied *(see,* 22 NYCRR 130-1.1). Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.