■ DOUGLAS HIRSCH, Appellant, v SENTRY INSURANCE, Respondent. [617 NYS2d 512] —In an action to recover damages for, *inter alia,* breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Miller, J.), dated March 2, 1992, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The present appeal concerns a fire which occurred on November 11, 1987, and which destroyed a house that the plaintiff had recently purchased. The plaintiff seeks to recover, *inter alia,* the proceeds of a fire insurance policy issued by the defendant, Sentry Insurance (hereinafter Sentry). At trial, Sentry alleged that the plaintiff, or someone acting on his behalf, had intentionally set the fire and that the plaintiff was not the true owner of the property.

The plaintiff contends that the trial court erred by giving a missing witness charge for his failure to call as witnesses Robert Falcon, the seller of the property, and his wife, Marina Falcon. The testimony reveals that the plaintiff had a very close relationship with the Falcons and that he knew them all of his life. Thus, the trial court properly concluded that the Falcons had knowledge of a material issue that was pending in the case and that they were under the plaintiff's control *(see, People v Gonzalez,* 68 NY2d 424; *Kupfer v Dalton,* 169 AD2d 819). Moreover, the plaintiff failed to establish that the Falcons were unavailable. Accordingly, the trial court did not err by giving a missing witness charge.

The plaintiff further contends that the trial court erred by refusing to admit his income tax returns for the years 1988 and 1989. Evidence of an insured's financial condition is admissible with regard to the issue of whether the insured had a motive to destroy the property and collect the insurance proceeds *(see, Torian v Reliance Ins. Co.,* 171 AD2d 971; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124, 131-132; *Patane v Reliance Ins. Co.,* 53 AD2d 1061). Here, the fire occurred in 1987, and the trial

court admitted into evidence the plaintiff's income tax returns for the years 1986 and 1987. The court properly refused to admit the plaintiff's income tax returns for the subsequent years since they were not relevant to the plaintiff's financial condition at the time of the fire *(see, Leon Sylvester, Inc. v Aetna Cas. & Sur. Co.,* 189 AD2d 730).

We have reviewed the plaintiff's remaining contentions and find that they are without merit or do not warrant reversal. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.