■ JEANNE M. DORE, Respondent, v ALLSTATE INDEMNITY COMPANY, Appellant, et al., Defendant. [695 NYS2d 422] —In an action to recover the proceeds of an automobile insurance policy, the defendant Allstate Indemnity Company appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated April 30, 1998, which denied its motion pursuant to CPLR 3126 to strike the complaint insofar as asserted against it.

Ordered that the order is reversed, with costs, the motion is granted, the complaint insofar as asserted against the defendant Allstate Indemnity Company is stricken, and the action against the remaining defendant is severed, unless the plaintiff complies with the demand of Allstate Indemnity Company for discovery and inspection of the specified income tax returns, bank account information, and employment records; and it is further,

Ordered that the plaintiff's time to comply with the demand for discovery and inspection is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The demand of the defendant Allstate Indemnity Company (hereinafter Allstate) for discovery and inspection of the income tax returns of the plaintiff and her son was proper. Generally, a party seeking the production of tax returns must make a strong showing of necessity (see, Abbene v Griffin, 208 AD2d 483; Zimmer v Cathedral School of St. Mary & St. Paul, 204 AD2d 538; Consentino v Schwartz, 155 AD2d 640; Mayo, Lynch & Assocs. v Fine, 123 AD2d 607). Here, since the plaintiff seeks to recover under an insurance policy from Allstate and there are indicia of fraud, special circumstances are present to warrant the disclosure of income tax returns (see, 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn., 142 AD2d 124, 131-134; Four Aces Jewelry Corp. v Smith, 256

AD2d 42; *David Leinoff, Inc. v 208 W. 29th St. Assocs.*, 243 AD2d 418, 420; *Leon Sylvester, Inc. v Aetna Cas. & Sur. Co.*, 189 AD2d 730). The reasoning underlying this principle is that evidence of an insured's financial condition, including personal income tax returns, is admissible with regard to the issue of whether the insured had a motive to destroy the insured property and collect the insurance proceeds (*see, 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn., supra*, at 131-134; *Hirsch v Sentry Ins.*, 208 AD2d 680; *David Leinoff, Inc. v 208 W. 29th St. Assocs., supra*, at 420; *see also, Torian v Reliance Ins. Co.*, 171 AD2d 971).

The demand for specified bank account information and employment records was proper as it was material and necessary to the defense of the action (*see,* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *Conway v Bayley Seton Hosp.*, 104 AD2d 1018, 1019; *Anderson v Seigel*, 255 AD2d 409). S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.