SECOND DEPARTMENT, OCTOBER, 2005

(October 3, 2005)

■ WILENE ALTIDOR, Respondent, v STATE-WIDE INSURANCE COMPANY, Appellant. [801 NYS2d 545]—

In an action to recover the proceeds of an automobile insurance policy, the defendant appeals from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated June 23, 2004, as, in effect, denied its application to compel discovery of the plaintiff's income tax returns and monthly bank statements for the years 1999 and 2000.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the defendant's contention, the Supreme Court properly concluded that it was not entitled to discovery of the plaintiff's income tax returns. It is well settled that "tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources" (*Latture v Smith*, 304 AD2d 534, 536 [2003]; *see Gordon v Grossman*, 183 AD2d 669 [1992]; *Briand Parenteau, Inc. v Dean Witter Reynolds*, 267 AD2d 576 [1999]; *Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208 [1997]; *Grossman v Lacoff*, 168 AD2d 484 [1990]). The defendant failed to make such a showing. Moreover, the defendant failed to demonstrate the existence of special circumstances

warranting disclosure of the plaintiff's tax returns in this case (*cf. Dore v Allstate Indem. Co.*, 264 AD2d 804 [1999]). In addition, under the circumstances of this case, the plaintiff's monthly bank statements are not material and necessary to the defense of this action (*see* CPLR 3101 [a]; *Manzella v Provident Life & Cas. Co.*, 273 AD2d 923 [2000]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur. [*See* 4 Misc 3d 1007(A), 2004 NY Slip Op 50753(U).]