■ Igor Benfeld et al., Plaintiffs, v Fleming Properties, LLC, Defendant, and Igor Fleyshmakher et al., Defendants and Third-Party Plaintiffs-Respondents. Rostislav Galkin et al., Third-Party Defendants-Appellants. [843 NYS2d 351]—

In an action, inter alia, to recover damages for breach of warranty, the third-party defendants Rostislav Galkin and Dinara Galkin appeal, as limited by their notice of appeal and brief, from so much of an amended order of the Supreme Court, Richmond County (McMahon, J.), dated January 12, 2007, as denied that branch of their motion which was to vacate so much of a preliminary conference order of the same court dated November 1, 2006, as directed them to produce their 2004 and 2005 income tax returns.

Ordered that the amended order is reversed insofar as appealed from, on the law and the facts, with costs, and that branch of the motion which was to vacate so much of the preliminary conference order dated November 1, 2006 as directed the appellants to produce their 2004 and 2005 income tax returns is granted.

The plaintiffs in the main action purchased a home on Staten Island. They contended that it was defectively constructed and on December 12, 2004 commenced this action against the seller

and builder Fleming Properties, LLC (hereinafter Fleming), the broker Bay Homes Realty, Inc. (hereinafter Bay), and Igor Fleyshmakher (hereinafter Fleyshmakher), the principal of Fleming and Bay. Fleming answered and cross-claimed against Fleyshmakher for indemnification and related relief, while Fleyshmakher and Bay (hereinafter collectively the respondents) answered and cross-claimed against Fleming for indemnification and/or contribution. The respondents subsequently commenced a third-party action against Rostislav Galkin and Dinara Galkin (hereinafter collectively the appellants). Rostislav Galkin is a member of Fleming. In their first three causes of action they sought contribution, indemnification, and an attorney's fee. In a separate, fourth cause of action they sought to disgorge all money and benefits the appellants obtained from Fleming.

In a preliminary conference order dated February 7, 2006, the court directed Fleming to produce its 2004 and 2005 income tax returns and K-1 schedules. It appears to be undisputed that Fleming did not comply with that order. In a preliminary conference order dated November 1, 2006, the court directed Fleming and the appellants to produce their 2004 and 2005 income tax returns. In the order appealed from, that branch of the appellants' motion which was vacate so much of the order dated November 1, 2006 as directed them to produce their 2004 and 2005 income tax returns was denied. This was error.

"[T]ax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources" (*Altidor v State-Wide Ins. Co.*, 22 AD3d 435 [2005] [internal quotation marks omitted]). The respondents' cross claim in the main action is against Fleming for indemnification and/or contribution. They failed to make any showing as to how the information contained in the appellants' income tax returns would be in any way useful, let alone indispensable, in proving that claim. Thus, they failed to meet their burden (*see Altidor v State-Wide Ins. Co.*, 22 AD3d 435 [2005]; *see also Panasuk v Viola Park Realty, LLC*, 41 AD3d 804 [2007]).

Similarly, there is nothing in the record on appeal, or even in the briefs, demonstrating how the information in the appellants' income tax returns would be useful, let alone indispensable, in proving the first three causes of action in the third-party action seeking contribution, indemnification, and an attorneys' fee from the appellants.

The respondents also failed to make any showing as to how that information would be useful in proving their fourth cause of action in the third-party complaint, to disgorge all money and

benefits the appellants obtained from Fleming. Accordingly, the Supreme Court erred in directing the appellants to produce their 2004 and 2005 income tax returns.

The respondents' remaining contention is without merit (*see Koczen v VMR Corp.,* 300 AD2d 285 [2002]). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.