OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, modified by providing that the branches of defendant’s motion seeking to compel plaintiff to respond to the demand for discovery and inspection, the demand for verified written interrogatories and the supplemental demand for verified written interrogatories are granted to the extent of compelling plaintiff to produce its certificate of incorporation for discovery and inspection, and serve responses to numbers 1, 15 and 16 of defendant’s demand for verified written interrogatories and numbers 1, 15, 31, 37-40, and 44-46 of defendant’s supplemental demand for verified written interrogatories within 60 days of the date of the order entered hereon; as so modified, affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to strike plaintiffs complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to produce its owner, Valentina Anikeyeva, for an examination before trial and to produce the discovery demanded in defendant’s demand for discovery and inspection, demand for verified written interrogatories and supplemental demand for verified written interrogatories. Plaintiff opposed the motion and cross-moved for a protective order. The court granted defendant’s motion to the extent of requiring plaintiff to provide documentation pertaining to the license of plaintiffs owner, Anikeyeva, and to plaintiffs corporate structure, and granted plaintiff’s *12 cross motion to the extent of providing that Anikeyeva did not have to produce personal documents. This appeal by defendant ensued.
Plaintiff was required, but failed, to challenge the propriety of defendant’s notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122. Likewise, plaintiff failed to object to defendant’s demand for verified written interrogatories and to defendant’s supplemental demand for verified written interrogatories. As a result, plaintiff is obligated to produce the information sought except as to matters which are palpably improper or privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Garcia v Jomber Realty, 264 AD2d 809 [1999]; A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 11 Misc 3d 71 [App Term, 2d & 11th Jud Dists 2006]).
To the extent the discovery demands concern matters relating to defenses which defendant is precluded from raising, they are palpably improper notwithstanding the fact that plaintiff did not specifically object thereto (see A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 11 Misc 3d 71 [2006], supra). However, the record reveals that defendant set forth detailed and specific reasons for believing that plaintiff may be ineligible to recover no-fault benefits as a fraudulently incorporated professional service corporation (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]), a defense which is not precluded. By obtaining discovery of, among other things, plaintiffs certificate of incorporation, management agreements, and the names of plaintiff’s shareholders, defendant will be able to ascertain whether plaintiff is ineligible for reimbursement of no-fault benefits (see e.g. Preferred Med. Imaging, P.C. v Liberty Mut. Ins. Co., 11 Misc 3d 1069[A], 2006 NY Slip Op 50437[U] [Suffolk Dist Ct 2006]). As a result, in addition to the discovery previously ordered by the Civil Court, which portion of the order we do not review since it is not the subject of this appeal, defendant is also entitled to production of plaintiffs certificate of incorporation as well as responses to interrogatories numbered 1, 15, and 16 and responses to the supplemental interrogatories numbered 1, 15, 31, 38-40 and 44-46 since said items were not palpably improper or privileged.
We further note that special circumstances exist which warrant the disclosure of plaintiffs corporate income tax returns (see CPLR 3101 [a]; Statewide Med. Servs., P.C. v Travelers Ins. Co., 13 Misc 3d 134[A], 2006 NY Slip Op 52014[U] [App Term, *13 1st Dept 2006], revg 9 Misc 3d 1124[A], 2005 NY Slip Op 51773[U] [Civ Ct, Bronx County 2005]; Preferred Med. Imaging, P.C. v Liberty Mut. Ins. Co., 11 Misc 3d 1069[A], 2006 NY Slip Op 50437[U] [2006], supra; see also Dore v Allstate Indem. Co., 264 AD2d 804 [1999]; cf. Benfeld v Fleming Props., LLC, 44 AD3d 599, 600 [2007]; Altidor v State-Wide Ins. Co., 22 AD3d 435 [2005]). Accordingly, defendant is also entitled to the information demanded in defendant’s supplemental interrogatory number 37.
Defendant’s contention that the court erred in denying the branch of its motion which sought to compel plaintiff to produce its owner, Valentina Anikeyeva, for an examination before trial is without merit. The notice of examination before trial served by defendant sought to require Anikeyeva to appear for an examination before trial at defendant’s counsel’s office in “Lake Success, New York 11042.” However, as noted by plaintiff, since Anikeyeva is “an officer, director, member or employee” of plaintiff, defendant improperly noticed the deposition for a location outside New York City (see CPLR 3110). Consequently, the court did not err insofar as it declined to compel plaintiff to produce Anikeyeva for an examination before trial at the location sought (see e.g. Mamunes v Szczepanski, 70 AD2d 684 [1979]).
Defendant’s argument that the court should have denied the branch of plaintiffs cross motion which resulted in a protective order as to Anikeyeva’s “personal documents” lacks merit. “It is well settled that tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources” (Altidor, 22 AD3d at 435-436 [citations and internal quotation marks omitted]; see also Benfeld, 44 AD3d at 600). At this juncture, defendant failed to meet its burden of establishing that Anikeyeva’s personal tax returns and personal bank account records are needed, particularly where, as here, defendant is entitled to disclosure of plaintiffs tax returns and the requested financial information with respect to said corporation. Thus, based upon the record before it, the court did not improvidently exercise its discretion in issuing its protective order.
Pesce, PJ., Weston Patterson and Rios, JJ., concur.