OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that the branch of defendant’s motion seeking to compel plaintiff to respond to defendant’s discovery demands is granted to the extent of compelling plaintiff to provide the documents sought in items 19, 20, and 21 of defendant’s notice to produce and in interrogatory 11 (c) within 60 days of the date of this decision and order, and by further compelling plaintiff to produce its owner, John McGee, for an examination before trial within 30 days thereafter, or on such other date to which the parties shall agree, but in no event later than 60 days thereafter; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order as granted defendant’s motion to strike the action from the trial *66 calendar and compel plaintiff to respond to defendant’s discovery demands and to produce its owner for an examination before trial (EBT).
It is uncontroverted that plaintiff filed a certificate of readiness for trial which stated that all pretrial discovery had been completed, despite the fact that its purported owner had not appeared for a scheduled EBT and there was outstanding documentary discovery. While defendant’s motion to strike the action from the trial calendar was untimely, under the circumstances presented, including the de minimis nature of the delay in moving to strike the action from the trial calendar, contrary to plaintiffs contention, it cannot be said that the Civil Court’s determination to consider the motion rather than deny it as untimely was an improvident exercise of discretion (see CPLR 2004; Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.17 [c]).
Defendant set forth detailed and specific reasons for believing that plaintiff is a professional service corporation which fails to comply with applicable state or local licensing laws and, thus, ineligible to recover no-fault benefits (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]), a defense which is not precluded. By obtaining discovery of certain documents, such as plaintiffs financial and tax records, defendant will be able to ascertain whether plaintiff is ineligible for reimbursement of no-fault benefits (see e.g. CPLR 3101 [a]; One Beacon Ins. Group, LLC v Midland Med. Care, P.C., 54 AD3d 738 [2008]).
The record indicates that plaintiff objected to producing items 19 through 21 of defendant’s notice to produce, which sought plaintiffs bank statements and canceled checks (item 19), plaintiffs federal and state tax returns including attachments and schedules (item 20), and plaintiffs payroll tax filings (item 21), and to providing the W-2 or 1099 forms sought in interrogatory 11 (c). We find that plaintiffs objection to the foregoing demands lacked merit. Defendant has shown that plaintiffs bank records are material and necessary (see CPLR 3101 [a]), and that special circumstances exist which warrant the disclosure of plaintiffs income tax returns and payroll tax filings (see CPLR 3101 [a]; AVA Acupuncture, P.C. v AutoOne Ins. Co., 28 Misc 3d 134[A], 2010 NY Slip Op 51350[U] [App Term, 2d, 11th & 13th Jud Dists 2010]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U] [App Term, 2d & 11th Jud Dists 2008]; Statewide Med. Servs., P.C. v Travelers Ins. Co., 13 Misc 3d *67 134[A], 2006 NY Slip Op 52014[U] [App Term, 1st Dept 2006], revg 9 Misc 3d 1124[A], 2005 NY Slip Op 51773[U] [Civ Ct, Bronx County 2005]; see also Dore v Allstate Indem. Co., 264 AD2d 804 [1999]; cf. Benfeld v Fleming Props., LLC, 44 AD3d 599, 600 [2007]; Altidor v State-Wide Ins. Co., 22 AD3d 435 [2005]). In addition, defendant is entitled to an EBT of McGee following the production of the documents (see CPLR 3101 [a]). However, as the record further reflects that plaintiffs responses to the remainder of defendant’s interrogatories and defendant’s notice to produce were sufficient, the Civil Court should not have ordered plaintiff to provide additional responses.
In light of the foregoing and the misstatements of material facts contained within plaintiffs certificate of readiness, the Civil Court did not improvidently exercise its discretion in granting the branch of defendant’s motion that sought to strike the action from the trial calendar and granting disclosure to the extent indicated above.
Pesce, PJ., Rios and Steinhardt, JJ., concur.