In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered May 23, 2013, as denied that branch of its motion which was pursuant to CPLR 3124 to compel disclosure of documents requested in item numbers 1 and 2 of its supplemental demand for discovery and inspection dated September 10, 2012.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was pursuant to CPLR 3124 to compel disclosure of documents requested in item numbers 1 and 2 of its supplemental demand for discovery and inspection dated September 10, 2012, is granted.
The Supreme Court should have granted that branch of the defendant’s motion which was pursuant to CPLR 3124 to compel the plaintiffs to provide copies of those portions of their bank statements which listed the locations and dates of their debit card and ATM transactions for the period from January 1, 2010, through June 6, 2011. This information was material and necessary, inter alia, with respect to the issue of whether the insured property was the plaintiffs’ primary residence (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406, 407 [1968]; Dore v Allstate Indent. Co., 264 AD2d 804, 805 [1999]; Schneider v Barash, 170 AD2d 319 [1991]).
Mastro, J.P, Hall, Austin, Sgroi and Duffy, JJ., concur.