# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1354/13**

**CA 13-00790**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF THE ESTATE OF GINO ROLANDO
MONACO, DECEASED.
-------------------------------------------
EUGENE ALLEN MONACO, PETITIONER-RESPONDENT;

                                             MEMORANDUM AND ORDER

THE ESTATE OF GINO ROLANDO MONACO,
RESPONDENT-APPELLANT.

---

ANTHONY D. PARONE, NIAGARA FALLS, FOR RESPONDENT-APPELLANT.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

     Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered December 6, 2012.  The order denied the
motion of the Estate of Gino Rolando Monaco to compel Eugene Allen
Monaco to supply his earnings records.

     It is hereby ORDERED that the order so appealed from is affirmed
without costs.

     Memorandum:  Respondent appeals from an order denying its motion
to compel production of petitioner's income tax records from the years
1980 to 1995, or for authorization to obtain such records from the New
York State Department of Taxation and Finance (hereafter, State).  It
is undisputed that petitioner has voluntarily produced State records
of his earnings from 1996 to 2009.

     Pursuant to decedent's will, his daughter was devised all of his
real property while petitioner, decedent's son, was devised a cemetery
plot, a compressor, and a roll of electrical wire.  At issue is
petitioner's claim that a single-family residence in which he has
resided since decedent purchased the property in 1996, and the deed
for which is in decedent's name, was the subject of a verbal agreement
whereby decedent promised to transfer title of the property to
petitioner when the mortgage was paid off, upon petitioner's demand or
upon decedent's death.  Petitioner alleges that, in reliance on that
agreement, he gave decedent $20,000 for the down payment, and he has
paid all expenses on the property, including the mortgage, taxes, the
cost of improvements, and the insurance premium.  Respondent seeks an
order requiring petitioner, or the State, to supply petitioner's
income tax records from 1980 through 1995 because that information is
relevant to the issue of whether petitioner had sufficient savings in
1996 to make ahe $20,000 down payment to decedent, as alleged.

We conclude that Surrogate's Court properly denied respondent's motion, inasmuch as respondent has not made a sufficiently strong showing that the information contained in petitioner's income tax records "were indispensable to this litigation and unavailable from other sources" (*Supama Coal Sales Co. v Jackson*, 186 AD2d 1052, 1052), such as "other financial or business records" (*Consentino v Schwartz*, 155 AD2d 640, 641; *see Grossman v Lacoff*, 168 AD2d 484, 485-486; *Niagara Falls Urban Renewal Agency v Friedman*, 55 AD2d 830, 830). Indeed, respondent "failed to make any factual showing in this regard, since the hearsay affirmation[s] of [respondent's] attorney [are] wholly conclusory" (*Consentino*, 155 AD2d at 641), petitioner's deposition testimony, the only exhibit submitted in support of the motion, accounted for petitioner's employment history during the times in question, although in a vague manner (*see generally Grossman*, 168 AD2d at 486), and respondent did not establish that it sought the requested information from any alternate source (*see Mayo, Lynch & Assoc. v Fine*, 123 AD2d 607, 608).

All concur except LINDLEY and SCONIERS, JJ., who dissent and vote to reverse in the following Memorandum: We respectfully dissent. At issue in this proceeding is a single-family residence (hereafter, property) purchased by petitioner's father (decedent) in 1996 for $98,500. Although the deed to the property was in decedent's name alone, there is no dispute that petitioner resided there continuously since the property was purchased. Decedent and his wife lived elsewhere. Decedent paid $20,000 in cash at closing for the property and financed the rest of the purchase price with a mortgage. Petitioner alleges that he gave decedent the money for the down payment and then each month gave decedent $700 in cash for the mortgage and $300 in cash for the property taxes. Petitioner does not have any documentary evidence showing that he made any of those payments.

Decedent died in 2010, and his will devised all of his "real property," without specification, to his daughter, petitioner's sister. The will left a china cabinet and the china therein to petitioner's brother and sister-in-law, along with two cemetery plots. As for petitioner, the will left him "the red compressor, the roll of electrical wire and one cemetery plot." After decedent's daughter filed papers in Surrogate's Court seeking probate of the will, petitioner filed a petition against respondent, decedent's estate, asserting causes of action for breach of an oral promise, breach of an oral trust, and unjust enrichment. More specifically, petitioner alleged that he and decedent entered into a verbal agreement in the spring of 1996, whereby decedent promised that he would transfer the property to petitioner when the mortgage was paid off, upon petitioner's demand or upon decedent's death. Petitioner further alleged that, in reliance on that agreement, he paid all expenses on the property, including the down payment, mortgage and taxes. As a remedy, petitioner asked that a constructive trust be imposed on the property for his benefit.

Respondent answered the petition and discovery commenced. During his two depositions, petitioner testified that he made the $20,000

down payment with money he had saved.  Petitioner explained that the house was not put in his name because he could not get a loan, and that he had savings of between $30,000 and $40,000, which he gave to his father for the down payment and other expenses.  When asked where he worked at the time, petitioner testified that he had numerous jobs over the years, and that he continuously operated a landscaping and snow plowing business.  Petitioner did not, however, have any specific recollection as to how much money he earned on any of those jobs, and he testified that he has never used a bank account for anything other than cashing checks.

At respondent's request, petitioner obtained a letter from the New York State Department of Taxation and Finance (hereafter, State) that set forth his reported earnings from 1996 through 2009, and then provided that letter to respondent's attorney.  Petitioner refused, however, to obtain and provide a similar letter with respect to his reported earnings from 1980 through 1995.  Respondent then moved for an order compelling petitioner to provide such information, and the Surrogate denied the motion without prejudice.  Following petitioner's second deposition, during which he professed not to know how much he earned from his various employers, including his own business, respondent again moved for an order compelling petitioner to obtain a letter from the State setting forth his reported earnings from 1980 through 1995.  The Surrogate denied the motion without explanation, and respondent appeals from the order denying that motion.

In our view, the Surrogate improvidently exercised her discretion in denying respondent's motion.  CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action."  As we recently explained, the phrase "material and necessary should be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.  The test is one of usefulness and reason" (*Rawlins v St. Joseph's Hosp. Health Ctr.*, 108 AD3d 1191, 1192 [internal quotation marks omitted]; *see Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta*, 74 AD3d 1916, 1917).  The party opposing a motion to compel discovery must "establish that the requests for information are unduly burdensome, or that they may cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (*Kimball v Normandeau*, 83 AD3d 1522, 1523 [internal quotation marks omitted]; *see generally* CPLR 3103 [a]).

We note at the outset that there is no dispute that information regarding petitioner's reported income during the years preceding decedent's purchase of the property is "material and necessary" to this proceeding (CPLR 3101 [a]).  Nor is there any dispute that petitioner can easily and without cost obtain the requested information from the State.  Instead, petitioner contends that the order should be affirmed because disclosure of tax records is disfavored based on their confidential and private nature (*see e.g. Manzella v Provident Life & Cas. Co.*, 273 AD2d 923, 924), and respondent failed to meet its burden of establishing that the tax

records are "indispensable" to the proceeding and are "unavailable from other sources" (*Supama Coal Sales Co. v Jackson*, 186 AD2d 1052, 1052).

Petitioner did not contend before the Surrogate that respondent failed to establish that the tax records are indispensable and thus failed to preserve that contention for our review (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, petitioner's contention lacks merit because, among other reasons, respondent is not in fact seeking disclosure of petitioner's tax records; rather, respondent is seeking a single-page letter from the State setting forth petitioner's reported incomes for the years in question.  Such a letter, like the one previously provided by the State regarding petitioner's reported incomes from 1996 to 2009, would not disclose any private or confidential information.  Moreover, as noted, petitioner testified at his deposition that he operated a landscaping and snow plowing business during the years preceding decedent's purchase of the subject property, and he has no recollection of how much money he earned from that business.  Under the circumstances, we cannot conceive of any other source of the relevant information requested by respondent other than the State.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court