Charles Deng Acupuncture, P.C., as Assignee of Tatiana Joseph, Appellant,
against
United Services Automobile Association, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Anita Nissan Yehuda, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered December 17, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment, and granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to respond to defendant's discovery demands, to the extent of compelling plaintiff to respond to certain discovery demands.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to respond to defendant's discovery demands, to the extent of compelling plaintiff to provide defendant with certain discovery relevant to its defense that plaintiff is not entitled to collect no-fault benefits pursuant to 11 NYCRR 65-3.16 (a) (12) due to plaintiff's alleged failure to meet licensing requirements (see also State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]). 
Plaintiff's motion for summary judgment was properly denied since the proof submitted by plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had [*2]issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Plaintiff argues that defendant is not entitled to the discovery ordered by the Civil Court. However, as plaintiff failed to timely challenge the propriety of defendant's notice for discovery and inspection (see CPLR 3122 [a]) or timely object to defendant's demand for verified written interrogatories (see CPLR 3133 [a]), plaintiff is obligated to produce the information sought except as to matters which are privileged or palpably improper (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Midborough Acupuncture, P.C. v State Farm Ins. Co., 21 Misc 3d 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). While plaintiff correctly argues that discovery demands which concern matters relating to defenses which a defendant is precluded from raising are considered palpably improper and may not be discoverable (see Midborough Acupuncture, P.C., 21 Misc 3d 10), the defense at issue in this case is not precludable (see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828 [2017]). Plaintiff has not otherwise demonstrated that the discovery at issue is palpably improper or privileged.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017