Maria S. Masigla, P.T., as Assignee of Bony, Bergomi, Appellant, 
against
United Services Automobile Association, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Anita Nissan Yehuda, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered December 18, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to respond to defendant's discovery demands, to the extent of compelling plaintiff to respond to certain of defendant's discovery demands.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking to compel plaintiff to provide her federal and state tax returns for 2012 is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel plaintiff to respond to defendant's discovery demands to the extent of compelling plaintiff to provide defendant with "plaintiff's federal and state tax returns for 2012, plaintiff's payroll tax filings & NYS quarterly withholdings for 2012 as well as any and all lease agreements, rental and/or ownership agreements for the facility."
Plaintiff's motion for summary judgment was properly denied, since the proof submitted [*2]by plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Plaintiff argues that defendant is not entitled to the discovery ordered by the Civil Court. However, as plaintiff failed to timely challenge the propriety of the discovery demands (see CPLR 3122 [a]), plaintiff is obligated to produce the information sought except as to matters which are privileged or palpably improper (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Midborough Acupuncture, P.C. v State Farm Ins. Co., 21 Misc 3d 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). While discovery demands which concern matters relating to defenses which a defendant is precluded from raising are palpably improper and may not be discoverable, the defense at issue in this case, that plaintiff is not entitled to collect no-fault benefits pursuant to 11 NYCRR 65-3.16 (a) (12) due to a failure to meet licensing requirements (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]), is not precludable (see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828 [2017]).
Plaintiff is a natural person, and defendant has failed to establish its entitlement to her federal and state tax returns, since "[i]t is well settled that tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources" (Altidor v State-Wide Ins. Co., 22 AD3d 435, 435-436 [2005] [internal quotation marks omitted]; see also Benfeld v Fleming Props., LLC, 44 AD3d 599, 600 [2007]). However, plaintiff has not demonstrated that the remaining items at issue are privileged or palpably improper.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking to compel plaintiff to provide her federal and state tax returns for 2012 is denied.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2018