<partyblock>

Jules Francois Parisien, M.D., as Assignee of Charles, Beverly, Appellant,  

against

21st Century Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.

Law Offices of Buratti, Rothenberg & Burns (Sharon A. Brennan of counsel), for respondent.

 

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered August 28, 2015. The order, insofar as appealed from, denied plaintiff's motion for summary judgment, and granted the branch of defendant's cross motion seeking to compel plaintiff to respond to defendant's discovery demands to the extent of compelling plaintiff to respond to certain of defendant's discovery demands and to produce plaintiff for an examination before trial.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted the branch of defendant's cross motion seeking to compel plaintiff to respond to defendant's discovery demands to the extent of compelling plaintiff to provide defendant with "management agreements to the extent available, W-2 forms, business-related bank records, and lease agreements," and to produce plaintiff for an examination before trial.

Plaintiff's motion for summary judgment was properly denied, since the proof submitted by plaintiff failed to establish that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see [*2]Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).

Plaintiff argues that defendant is not entitled to the discovery ordered by the Civil Court. However, as plaintiff failed to timely challenge the propriety of the discovery demands (see CPLR 3122 [a]), plaintiff is obligated to produce the information sought except as to matters which are privileged or palpably improper (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; Midborough Acupuncture, P.C. v State Farm Ins. Co., 21 Misc 3d 10 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). While discovery demands which concern matters relating to defenses which a defendant is precluded from raising are palpably improper and may not be discoverable, the defense at issue in this case
is not precludable (see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828 [2017]). Plaintiff has not demonstrated that the items at issue are privileged or palpably improper. In addition, defendant is entitled to an examination before trial of plaintiff (see CPLR 3101 [a]; Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).

Accordingly, the order, insofar as appealed from, is affirmed.

WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: July 06, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>