Cyngiel v Krigsman (2024 NY Slip Op 00996)

Cyngiel v Krigsman

2024 NY Slip Op 00996

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-02330
 (Index No. 523029/16)

[*1]Mordechai Cyngiel, etc., respondent,
v
Rima Krigsman, etc., et al., appellants.

David A. Robinson, New York, NY (Albert Y. Dayan of counsel), for appellants.
Wenig Saltiel LLP, New York, NY (Meryl L. Wenig and Howard S. Bonfield of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 9, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to compel the defendant Rima Krigsman to disclose her personal tax returns and pursuant to CPLR 3126 to preclude the defendants from testifying or entering any evidence on issues for which discovery was demanded and not provided and to direct that a negative inference charge be given against them at trial for the contents of each document demanded and not provided.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the plaintiff's motion which were to compel the defendant Rima Krigsman to disclose her personal tax returns and pursuant to CPLR 3126 to preclude the defendants from testifying or entering any evidence on issues for which discovery was demanded and not provided and to direct that a negative inference charge be given against them at trial for the contents of each document demanded and not provided are denied, the plaintiff and his counsel are directed to return any and all copies of the personal tax returns of the defendant Rima Krigsman that they received pursuant to the order, and the plaintiff is precluded from using those tax returns or any information obtained from those tax returns in this action.
The plaintiff commenced this action, inter alia, for an accounting of rent money allegedly collected from 2003 through 2016 by the defendants on two parcels of real property that the plaintiff owns in common with the defendants and rent money allegedly collected from 2003 through 2008 by the defendants on a third parcel of real property owned solely by the plaintiff. The plaintiff allegedly served discovery demands in April 2017. In an order dated February 14, 2018, the Supreme Court, among other things, directed the defendants to provide "all financial documents requested." The defendant Rima Krigsman was deposed on November 6, 2017, May 14, 2019, and March 11, 2020. When asked during the depositions about documentation of monies collected and expenses paid on the subject properties, Krigsman suggested that certain documentation might exist or might either be in her possession or obtainable by her. There is no indication in the record that the plaintiff served further discovery demands after Krigsman's depositions.
In August 2020, the plaintiff moved, inter alia, to compel Krigsman to disclose her [*2]personal tax returns for the tax years 2003 through the date of the motion and pursuant to CPLR 3126 to preclude the defendants from testifying or entering any evidence on issues for which discovery was demanded and not provided and to direct that a negative inference charge be given against them at trial for the contents of each document demanded and not provided. In an order dated March 9, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.
"Tax returns generally are not discoverable 'in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources'" (Levine v City Med. Assoc., P.C., 108 AD3d 746, 747, quoting Latture v Smith, 304 AD2d 534, 536; see Benfeld v Fleming Props., LLC, 44 AD3d 599, 600). Here, Krigsman admitted that she deposited some of the rent money she collected into a personal account, which she claimed that she then used to pay expenses on the properties, whereas the plaintiff claimed that Krigsman used the money to pay her own personal expenses. The plaintiff failed to make a "strong showing" that Krigsman's personal tax returns are indispensable to proving his claims and that evidence cannot be obtained from other sources, such as bank records (Latture v Smith, 304 AD2d at 536). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to compel Krigsman to disclose her personal tax returns (see Levine v City Med. Assoc., P.C., 108 AD3d at 747; Benfeld v Fleming Props., LLC, 44 AD3d at 600; Latture v Smith, 304 AD2d at 536).
Pursuant to 22 NYCRR 202.7(a), all motions relating to disclosure must include "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (see Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). "The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held" (22 NYCRR 202.7[c]; see Muchnik v Mendez Trucking, Inc., 212 AD3d at 641). "Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844).
Here, as the defendants correctly contend, the plaintiff failed to provide an affirmation of good faith with his motion, inter alia, for discovery sanctions or to claim good cause for the failure to confer with the defendants' counsel. Contrary to the plaintiff's contention, while an attorney affirmation in support of a motion can serve as the affirmation of good faith when it substantively complies with 22 NYCRR 202.7(c) (see Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230, 1233), here, the attorney affirmation submitted by the plaintiff did not indicate that any efforts were made to discuss and resolve the dispute over outstanding discovery with the defendants' counsel prior to making the motion (see Behar v Wiblishauser, 219 AD3d 793; Muchnik v Mendez Trucking, Inc., 212 AD3d at 641; Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844).
Furthermore, the plaintiff's showing on the motion was inadequate to warrant the subject discovery sanctions. "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the . . . preclusion of evidence, where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Guardado v K.B.G. Commercial, Inc., 209 AD3d 721, 722, quoting Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019). "Before a court invokes the drastic remedy of precluding a party from offering evidence at trial, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Giraldo v Highmark Ind., LLC, 175 AD3d 654, 654-655). Here, the plaintiff failed to make a clear showing of a willful and contumacious failure to comply with discovery demands. The plaintiff failed to submit the alleged April 2017 discovery demands in support of the motion and apparently never served additional discovery demands after Krigsman's deposition. The plaintiff's motion papers otherwise failed to identify precisely what discovery was demanded and never provided, and the February 14, 2018 order only refers vaguely to "financial documents." Significantly, it is undisputed that the defendants produced hundreds of pages of documents in discovery. Under the circumstances, the plaintiff failed to make the requisite showing justifying the Supreme Court's imposition of the subject discovery sanctions [*3](see Lombardi v Lombardi, 190 AD3d 964; Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 860).
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court